UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-67-TAV-JEM |
| | ) | |
| ZACHARY AUSTIN MANIS, | ) | |
| AMANDA ELIZABETH SUNDERLAND, | ) | |
| BOBBY TIMOTHY BRAGGS, | ) | |
| MATTHEW STEPHEN HICKLE, | ) | |
| MATTHEW MILLS, | ) | |
| JAMIE GARCIA, | ) | |
| ASHLEY NICOLE MCKINNEY, | ) | |
| ANDRES MIRANDA-CARDENAS, | ) | |
| RODNEY LEE CARTER, | ) | |
| JONATHAN M. TODD, and | ) | |
| GARY JAMES SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jamie Garcia's Motion to Continue Trial and Related Deadlines [Doc. 76], filed on July 11, 2026, and the motions of Codefendants Ashley McKinney [Doc. 78], Jonathan Todd [Doc. 80], and Rodney Carter [Doc. 82] to adopt Defendant Garcia's motion.

Defendant Garcia asks to continue the August 11 trial date and all pretrial deadlines [Doc. 76 p. 1]. In support of her motion, Defendant states that she first appeared and the Court appointed counsel on July 9, 2026 [*Id.* ¶¶ 1, 3]. The Government's deadline for producing discovery is July 14, 2026 [*Id.* ¶ 4]. Defendant states that counsel needs time to review discovery, to review the discovery with her, to investigate the case, and to prepare pretrial motions [*Id.*]. She asserts that proceeding to trial on August 11 as scheduled would deny defense counsel the

reasonable time necessary for effective preparation, despite counsel's exercise of due diligence [*Id.* ¶ 5]. Defendant Garcia waives her speedy trial rights for the duration of this continuance and understands the delay occasioned by the requested continuance will be excluded from the speedy trial calculation [*Id.* ¶ 7]. Defendant states that at her July 9 initial appearance, counsel for the Government expressed no objection to a trial continuance [*Id.* ¶ 6].

Defendant Ashley McKinney asks to adopt Defendant Garcia's motion, stating the Court appointed counsel on July 1, 2026 [Doc. 78 ¶ 1]. She states that she is similarly situated to Defendant Garcia on the status of discovery and investigation [*Id.* ¶ 2]. Defendant McKinney also understands that any delay from the continuance will be excluded from the speedy trial calculation and waives her speedy trial rights for the period of the continuance [*Id.* ¶ 3].

Defendant Jonathan Todd also moves the Court for leave to adopt Defendant Garcia's motion to continue the trial date and all pretrial deadlines [Doc. 80 p. 1]. He states that the Court appointed defense counsel on July 2, 2026 [*Id.* ¶ 1]. Defendant says that he is similarly situated with regard to counsel's need to review discovery and to investigate the facts of the case [*Id.* ¶ 2]. Defendant Todd affirms that he understands that the delay caused by the continuance is excludable under the Speedy Trial Act [*Id.* ¶ 3]. He also waives his speedy trial rights for the period of this continuance [*Id.*].

Defendant Rodney Carter asks to join in Defendant Garcia's motion, contending that he is similarly situated [Doc. 82 p. 1]. Defendant Carter states that he understands that the time between the filing of his motion and the new trial date is excludable for speedy trial purposes [*Id.*].

Defendants Matthew Mills [Doc. 77], Matthew Hickle [Doc. 83], Gary Smith [Doc. 106], and Andres Miranda-Cardenas [Doc. 111] all have no objection to a trial continuance. Each agrees that the time between the filing of Defendant Garcia's motion and the new trial date is excludable

for speedy trial purposes [Doc. 77 p. 1; Doc. 83 p. 1; Doc. 106 p. 1; Doc. 111 p. 1]. Defendant Smith further states that the Government's discovery disclosure, provided on July 16, 2026, is voluminous and consists of more than 21,000 documents, audio and video recordings, and other electronic data [Doc. 106 p. 1]. Defendant Smith states that his counsel needs more time to review the discovery, to conduct an independent investigation, and to prepare for trial [*Id.*].

On July 21, 2026, the undersigned arraigned Defendants Zachary Manis, Amanda Sunderland, and Bobby Brags [*See* Docs. 95 & 101, Minutes].[1] These Defendants informed the Court through counsel that they have no objection to a trial continuance. Defendant Sunderland joined in the motion to continue. Defendant Braggs made an oral motion to continue the August 11 trial date and the schedule in this case. Counsel for Defendant Braggs said the discovery is voluminous, and counsel needs time to review the discovery and prepare for trial. Counsel stated that Defendant Braggs understands his right to a speedy trial and agrees with a trial continuance.

Based upon the information in Defendant Garcia's motion, Defendant Bragg's oral motion, and Defendant Smith's response, the joinder or lack of opposition of all Codefendants currently before the Court,[2] and with no objection from the Government, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for all

---

[1] The Court also arraigned Defendant Miranda-Cardenas on July 21, 2026, but counsel for Defendant Miranda-Cardenas asked to file a notice of his position after conferring with Defendant following the hearing [*See* Doc. 101, Minutes]. As discussed above, Defendant Miranda-Cardenas subsequently filed a notice of no objection to the continuance, asking to join in the motion to continue [Doc. 111].

[2] The undersigned observes that Defendant Jace Paul Chastain has not yet entered the case.

Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendants Braggs and Smith represent that the discovery in this case, first produced on July 16, is voluminous. Counsel for Defendants need time to review, discuss, and evaluate the discovery in this case and, if deemed necessary, to file pretrial motions. *See id.* § 3161(h)(7)(B)(iv). Given the number of Defendants and the large amount of discovery, the undersigned finds a pretrial motion deadline approximately sixty days from the discovery production appropriate. The Court also finds that defense counsel require additional time to prepare the case for trial. *See id.* § 3161(h)(7)(B)(iv). The Court finds that all of this cannot occur before the August 11 trial date.

The Court therefore **GRANTS** Defendant Garcia's Motion to Continue Trial and Related Deadlines [**Doc. 76**] and all written [**Docs. 78, 80, & 82**] and oral motions to join in that motion. The trial of this case is reset to **January 26, 2027**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of Defendant Garcia's motion on July 11, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Garcia's Motion to Continue Trial and Related Deadlines [**Doc. 76**] and all written [**Docs. 78, 80, & 82**] and oral motions to join in that motion are **GRANTED**;

(2) the trial of this matter is reset to commence on **January 26, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **July 11, 2026**, and the new trial date of **January 26, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

4

(4) the deadline for filing pretrial motions is extended to **September 15, 2026**, and responses to pretrial motions are due on or before **September 29, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 18, 2026**;

(6) the deadline for filing motions *in limine* is **January 11, 2027**, and responses to motions *in limine* are due on or before **January 19, 2027**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 12, 2027, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 15, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

5