UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>ZACHARY AUSTIN MANIS,<br>AMANDA ELIZABETH SUNDERLAND,<br>BOBBY TIMOTHY BRAGGS,<br>MATTHEW STEPHEN HICKLE,<br>MATTHEW MILLS,<br>JAMIE GARCIA,<br>ASHLEY NICOLE MCKINNEY,<br>ANDRES MIRANDA-CARDENAS,<br>RODNEY LEE CARTER,<br>JONATHAN M. TODD, and<br>GARY JAMES SMITH,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CR-67-TAV-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Amanda Sunderland's Motion to Continue Trial and All Associated Deadlines [Doc. 119], filed on September 15, 2026, and the motion of Codefendant Jonathan Todd to adopt Defendant Sunderland's motion [Doc. 128].

Defendant Sunderland asks to continue the January 26, 2027 trial date and all pretrial deadlines including the September 15, 2026 motion deadline [Doc. 119 p. 1]. In support of her motion, Defendant states that the Court appointed counsel on July 21, 2026, and counsel has received initial discovery and requested additional items in discovery [*Id.* ¶ 1]. Counsel needs additional time to review the discovery and relevant law with Defendant and to research the need for pretrial motions [*Id.* ¶¶ 2–3]. Defendant states that given the numerous pretrial tasks left to

resolve, counsel cannot be ready to file pretrial motions by the September 15 motion deadline [*Id.* ¶ 4]. She asserts that she understands the need for a trial continuance and that moving the trial date will necessarily affect the computation of time under the Speedy Trial Act [*Id.* ¶ 5]. Defendant Sunderland also asserts that a trial continuance will further the ends of justice and provide counsel the time necessary for effective preparation for trial even accounting for counsel's exercise of due diligence [*Id.* ¶ 6]. The Government does not object to the requested continuance [*Id.* ¶ 7].

Defendant Jonathan Todd moves the Court for leave to adopt Defendant Sunderland's motion to continue the trial date and all pretrial deadlines [Doc. 128 p. 1]. He states that the Court appointed defense counsel on July 2, 2026 [*Id.* ¶ 1]. Defendant says that he is similarly situated as to counsel's need to review discovery and to investigate the facts of the case [*Id.* ¶ 2]. Defendant Todd affirms that he understands that the delay caused by the continuance is excludable under the Speedy Trial Act [*Id.* ¶ 3]. He also waives his speedy trial rights for the period of this continuance [*Id.*].

Defendant Bobby Braggs responds that he does not oppose Defendant Sunderland's motion [Doc. 123 p. 1]. Defendant Braggs understands his right to a speedy trial and that all delay caused by the motion and the requested continuance are excludable under the Speedy Trial Act [*Id.*].

Likewise, Defendant Matthew Hickle does not oppose Defendant Sunderland's motion and understands and waives his speedy trial rights [Doc. 124 p. 1]. Defendant Hickle acknowledges that all time between the filing of the motion and the new trial date is fully excludable for speedy trial purposes [*Id.*].

Defendant Zachary Manis does not object to Defendant Sunderland's motion or to a trial continuance [Doc. 125]. He is aware of his speedy trial rights, waives them in relation to the motion, and understands that the time until the new trial date is excludable [*Id.*].

Defendant Jamie Garcia also has no objection to a trial continuance and notes that she has filed a plea agreement although she has yet to schedule a change of plea hearing [Doc. 126 p. 1].[1]

Defendant Andres Miranda-Cardenas filed a Notice of no objection to Defendant Sunderland's motion [Doc. 127 p. 1]. Defendant Miranda-Cardenas is aware of his right to a speedy trial and does not oppose the requested continuance [*Id.*].

Defendant Gary Smith responds that he has no objection to Defendant Sunderland's motion to continue the trial date and motion deadline [Doc. 129 p. 1]. Defendant Smith notes that Defendant Sunderland's request to extend the pretrial motion deadline overlaps with his request for the same relief [*see* Doc. 117] and asks that the motion deadline be reset in connection with the new trial date [Doc. 129 p. 1].[2]

Defendant Rodney Carter states that he has no objection to Defendant Sunderland's motion [Doc. 130 p. 1]. Defendant Carter understands that the time between the filing of his motion and the new trial date is excludable for speedy trial purposes [*Id.*].

Defendant Ashley McKinney also responds that she is not opposed to Defendant Sunderland's motion, which she avers demonstrates good cause for a trial continuance [Doc. 131 p. 1]. Defendant McKinney states that this case is not yet ready for trial, that more time is needed for plea negotiations and trial preparations, and that the failure to grant a continuance would likely

---

[1] The Court subsequently set a change of plea hearing for Defendant Jamie Garcia for October 26, 2026.

[2] Defendant Smith previously moved for a one-week extension of the September 15 motion deadline to give counsel additional time to review the voluminous discovery, to conduct an independent investigation of the facts, and to identify, prepare and file pretrial motions [Doc. 117 p. 1]. The undersigned directed Defendant Smith to supplement his motion with the Government's position on the request within three days [Doc. 121]. Defendant Smith's response to Defendant Sunderland's motion was filed within that time. Accordingly, due to the overlapping requests for an extension of the motion deadline, the undersigned finds Defendant Smith's Motion to Continue the Motion Deadline [**Doc. 117**] is **MOOT**.

prevent her from receiving the effective assistance of counsel [*Id.*]. Defendant McKinney also understands that any delay from the continuance will be excluded from the speedy trial calculation and she waives her speedy trial rights for the period of the continuance [*Id.* at 1–2].

Defendant Matthew Mills filed a Notice of no objection to Defendant Sunderland's motion [Doc. 132]. Defendant Mills, who is detained pretrial, states that he understands that the time between the filing of Defendant Sunderland's motion and the new trial date is excludable for speedy trial purposes [*Id.*].

Based upon the information in Defendant Sunderland's motion, the joinder or lack of opposition of all Codefendants currently before the Court,[3] and with no objection from the Government, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for all Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant Smith represents that the discovery in this case is voluminous [*see* Doc. 117 p. 1], and Defendant Sunderland states that additional discovery has been requested [*see* Doc. 119 ¶ 1]. Counsel for Defendants need time to review the discovery in this case and to discuss it with their clients, to conduct their own investigation of the facts, and if deemed necessary, to prepare and file pretrial motions. *See id.* § 3161(h)(7)(B)(iv). Given the number of Defendants and the voluminous discovery, the undersigned finds a forty-five-day extension of the pretrial motion deadline is appropriate. The Court also finds that defense counsel require additional time to engage

[3] The undersigned observes that Defendant Jace Paul Chastain has not yet entered the case.

in plea negotiations and to prepare the case for trial. *See id.* § 3161(h)(7)(B)(iv). The Court finds that all of this cannot occur before the January 26, 2027 trial date.

The Court therefore **GRANTS** Defendant Sunderland's Unopposed Motion to Continue Trial and All Associated Deadlines [**Doc. 119**] and Defendant Todd's motion to join in that motion [**Doc. 128**]. The trial of this case is reset to **April 27, 2027**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of Defendant Sunderland's motion on September 15, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Amanda Sunderland's Unopposed Motion to Continue Trial and All Associated Deadlines [**Doc. 119**] and Defendant Todd's motion to join in that motion [**Doc. 128**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **April 27, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 15, 2026**, and the new trial date of **April 27, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **October 30, 2026**, and responses to pretrial motions are due on or before **November 13, 2026**;

(5) Defendant Gary Smith's prior motion to extend the pretrial motion deadline one week [**Doc. 117**] is **MOOT**;

(6) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 26, 2027**;

(7) the deadline for filing motions *in limine* is **April 12, 2027**, and responses to motions *in limine* are due on or before **April 20, 2027**;

(8) the parties are to appear before the undersigned for a final pretrial conference on **April 13, 2027, at 11:30 a.m.**; and

(9) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 16, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge